The opinion of the court was delivered by
DeBlanc, J.
On the twelfth of December 1876, the probate Court of the parish of Iberville ordered a judicial partition of the property belonging to the successions of James N. and Esther D. Brown, between the parties therein interested. The partition was referred to Adonis Petit — a notary public — who, on the 3d of December 1877, after notice to said parties, was proceeding to complete the same, when Isaac D. Brown, who is entitled to a share in said successions, submitted in writing to the notary his objection to the partition which was then about to be closed, and that objection is that lands situated in the parishes of Iberville and East Baton Rouge and which formed a part of the estates of James N. and Esther D. Brown, were sold for debts and adjudicated at less than their appraised'value.
The said Isaac D. Brown urged that — on that account — said sales are null, that the lands thus adjudicated should be re-sold, and the partition suspended until this be done. The notary refused to suspend his proceedings and refer that objection to the Court. He was enjoined and commanded so to do by an order from the parish judge.
Mrs. Julia A. Yentress then interfered, and claimed — in her individual capacity and as dative testamentary executrix — that the notary should disobey the injunction to discontinue the partition, for the reason:
1. That the objection urged was frivolous and had been granted ex-parie, at chambers, without affidavit or bond.
2. That — when the order of injunction was served — the partition, *1013 though not signed, was complete, and — at that stage — its homologation alone could have been properly opposed.
The notary closed the proces verbal of his proceedings and filed it in the parish Court. The judge, considering that it had been filed in contempt of his injunction, ordered that it be, and it was — accordingly— returned to the notary.
This done, the counsel for Mrs. Ventress attempted to file a motion to homologate the partition, the proces verbal of which was — under a. previous order of the GC' —to be returned to the notary. His application was denied, and Mrs. Ventress excepted to the ruling on this point.
The objection made by the counsel representing Isaac D. Brown, that lands of the herein mentioned successions were sold under their appraised value, is not one .of those which he could have required the notary to refer to the court, for the reason that the court could not have passed upon the reference, and maintain or annul the purchasers’ titles in a proceeding, the sole object of which was and still is to effect a partition among co-heirs. The notary properly disregarded that objection.
11 L. 497 ; 4 A. 8.
The notary appointed to make a partition is the ministerial officer of the Court by which the partition was ordered, and his duty is to execute the decree under which he is called upon to act, in accordance with its terms. If he fails to do so, any interested party may protest against his action, and — in such a case — the notary must suspend his operations- and refer the matter to the judge, for his decision thereon. As to other errors and irregularities, they should be urged by way of opposition to-the homologation of the partition.
R. C. C. 1348-1368; 12 R. R. 417 ; 13 A. 359; Gilbert, Codes Annotés,. • p. 346.
The lands which Isaac D. Brown alleges to have been sold for less than their appraised value were s Id under a judgment of the parish court, of the 12th of December 1876, ordering the partition — by licitation — of the successions of James N. and Esther D. Brown; and this court has held again and again that lands, though partly belonging to minors, may be sold for less than their appraised value, to effect a partition among co-heirs and co-proprietors.
12 M. 185 ; 7 L. 8 L. 179.
From the recitals and the divers clauses of the act of partition, Isaac D. Brown’s objection was made at the close of the notary’s operation, when the active and passive masses had already been established, and the balances due by and to the heirs ascertained and fixed. The notary had, then, but to pign himself, tender to the interested parties for their approbation or disapprobation, the proces verbal of his operations *1014 and return it into Court. This he did, and the application of Julia A. Yentress to have the partition homologated, after the delay and formalities prescribed by law, should have been received and passed upon.
We are informed, by the bill of exception taken by her counsel, that it was the judge who — of his own motion — ordered the procés verbal to be returned to the notary and rejected the application made in appellant’s name, and — as neither the judge, nor the parties interested in the partition are before us—
It is ordered that this appeal be and it is dismissed at the costs of Julia A. Yentress.